◼ In the Matter of DANNY ROSSI, Appellant, v NEW YORK CITY DEPARTMENT OF PARKS AND RECREATION, Respondent. In the Matter of BARBARA MORRIS, Appellant, v NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, Respondent. [49 NYS3d 891]—

Judgment, Supreme Court, New York County (Joan B. Lobis), entered May 2, 2016, denying petitioner Morris's petition to compel respondent New York City Department of Health and Mental Hygiene (DOHMH) to issue Morris a restricted area mobile food cart permit, and granting DOHMH's cross motion to dismiss the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs. Order and judgment (one paper), Supreme Court, New York County (Barbara Jaffe, J.), entered May 13, 2016, which denied petitioner Rossi's petition to compel respondent New York City Department of Parks and Recreation (DPR) to provide Rossi written authorization to operate a mobile food vending cart on land under its jurisdiction, and granted DPR's cross motion to dismiss the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Contrary to petitioners' contentions, requiring them to obtain special vending licenses pursuant to General Business Law § 35-a to vend on property under DPR's jurisdiction does not divest DOHMH of its powers to regulate mobile food vendors. DOHMH licenses mobile food vendors and food vending carts in New York City. Vendors, including food vendors, seeking to avail themselves of the vending terms available to disabled veterans must comply with the additional licensing requirements applicable to disabled veterans, which in New York City are set forth in General Business Law § 35-a (see *Matter of Rossi v New York City Dept. of Parks & Recreation*, 127 AD3d 463 [1st Dept 2015]).

We have considered petitioners' remaining contentions and find them unavailing. Concur—Sweeny, J.P., Andrias, Moskowitz, Kahn and Gesmer, JJ.