**Shah v City of New York**

2025 NY Slip Op 32766(U)

August 11, 2025

Supreme Court, New York County

Docket Number: Index No. 156288/2025

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| PRESENT: | HON. LYLE E. FRANK | PART | 11M |
| --- | --- | --- | --- |

*Justice*

-------------------------------------------------------------------------------X

WAJID SHAH,

                     Petitioner,

         - v -

THE CITY OF NEW YORK,

                     Respondent.

-------------------------------------------------------------------------------X

| INDEX NO. | 156288/2025 |
| --- | --- |
| MOTION DATE | 05/14/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 7, 8, 9, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 50, 51, 53

were read on this motion to/for         ARTICLE 78 (BODY OR OFFICER)    .

       Upon the foregoing documents, the petition is denied.

## Background

       Petitioner Wajid Shah is a disabled veteran of the U.S. Marines Corps and a mobile food vendor in New York County. He had been issued a Mobile Food Vending Permit (#50131225), which he transferred to his wife in December of 2024. Following this transfer, he then applied for a general vendor permit, which was denied by Respondent on the grounds that the original permit was still tied to his license. Petitioner brought this present petition seeking to challenge this denial. Petitioner has also moved to supplement the petition to add a claim for relief from several summons that have been issued.

## Standard of Review

       A party may bring an Article 78 petition to challenge the final determination of an administrative agency. CPLR § 7801(1). A court must give great deference to the agency's decision and cannot "interfere unless there is no rational basis for the exercise of discretion or the action complained of is arbitrary and capricious." *Pell v. Board of Education*, 34 N.Y.2d 222,

**156288/2025   SHAH, WAJID vs. THE CITY OF NEW YORK**
**Motion No.  001**

**Page 1 of 4**

231 [1974]. Judicial review is also available if the agency's determination was "contrary to law or procedure." *Barrett Japaning, Inc. v. Bialobroda*, 190 A.D.3d 544, 545 [1st Dept. 2021]. An action is irrational or arbitrary and capricious if "it is taken without sound basis in reason or regard to the facts." *Matter of A.Z. v. City Univ. of N.Y., Hunter Coll.*, 197 A.D.3d 1027, 1027 [1st Dept. 2021].

**Discussion**

As an initial matter, part of the requested relief is the vacatur of three summonses that were issued to Petitioner related to his vending operation. Two of them are time-barred and the third was never appealed. Therefore, the Court is unable to grant such relief. Additionally, Petitioner is requesting attorneys' fees, but has been proceeding pro se, and therefore cannot have accumulated attorneys' fees in this action. Therefore, that portion of the requested relief will likewise be denied.

There are two main issues to be resolved in the supplemented petition: 1) whether the Respondent's denial of Petitioner's application for a vending permit was arbitrary and capricious; and 2) whether the application of the geographical restrictions pursuant to GBL § 35-a to vending licenses obtained under GBL § 32 is arbitrary and capricious. For the reasons that follow, the supplemented petition is denied.

*The Decision to Deny the Permit Application Was Not Arbitrary or Capricious*

Petitioner was denied permit #50163463 on the grounds that his former permit, which was transferred to his wife, was still tied to his name. The former permit was transferred to Petitioner's wife pursuant to NYC Admin. Code § 17-314.1(d)(1), which permits a discretionary transfer to certain family members of an "incapacitated or deceased person" that was issued the permit. It is not disputed that petitioner's wife would not, on her own, qualify for the vending

permit which was transferred. Respondent's position is that this provision of the Administrative Code does not permit for a person to transfer a permit to a spouse and then apply again for another permit in their own name. The Court agrees. If Petitioner is an incapacitated person as contemplated under this provision of the Administrative Code, then Petitioner would by definition not be able to receive another permit in his name. This is not an arbitrary reading of the Administrative Code.

*Respondent Cannot Be Required to Issue a New, Unrestricted Vending License to Disabled*

*Veterans*

Petitioner also requests that Respondent be required to issue a new form of vending license to disabled veterans. Under General Business Law § 32(1), disabled and other veterans "shall have the right to hawk, peddle, vend and sell goods, wares, or merchandise or solicit trade upon the streets and highways within the county of his or her residence." Subsection 8 of the same provision states that cities issuing such licenses "may prescribe the terms and conditions under which such local license may be issued." Another provision of the GBL, Section 35, states that "no such by-law, ordinance or regulation shall prevent or in any manner interfere with the hawking or peddling" by disabled and certain other veterans. The Legislature later passed GBL § 35-a, which addresses specialized vending licenses issued to disabled veterans, and allows for some cities to include certain time, place, and manner restrictions on vending.

Petitioner argues that GBL § 32 is an unrestricted provision, and therefore disabled veterans can freely vend anywhere in the city, such as the Brooklyn Bridge, and are not subject to the geographical restrictions in GBL § 35-a. Respondent argues that they have no duty to create and issue such licenses. Respondent's position cannot be said to be arbitrary and capricious. A veteran operating under GBL § 32 would be subject to the city's right in § 32(8) to

**156288/2025  SHAH, WAJID vs. THE CITY OF NEW YORK**
**Motion No. 001**

**Page 3 of 4**

[* 3]

3 of 4

set forth the terms and conditions of such a license, which may include certain geographical restrictions. Veterans using a vending license under GBL § 35 would also be subject to the provisions of § 35-a, which clearly by its terms modifies the rights granted in GBL § 35. *See, e.g., Matter of Rossi v. New York City Dept. of Parks & Recreation*, 149 A.D.3d 481, 482 [1st Dept. 2017] (holding that "[v]endors, including food vendors, seeking to avail themselves of the vending terms available to disabled veterans must comply with the additional licensing requirements applicable to disabled veterans, which in New York City are set forth in General Business Law § 35-a"). Respondent has not acted arbitrarily or capriciously in interpreting the various statutes passed by the Legislature, and therefore the relief sought cannot be granted. Accordingly, it is hereby

ADJUDGED that the petition is denied.

20250811152047LFRANK7B317770B5D2462C8677F93D9B37E002

| **8/11/2025** | | | | |
|---|---|---|---|---|
| **DATE** | | | **LYLE E. FRANK, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**156288/2025   SHAH, WAJID vs. THE CITY OF NEW YORK**
**Motion No.  001**

Page 4 of 4

4 of 4

[* 4]